

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ANDRE TAYLOR, | ) | |
|---|---|---|
| Plaintiff, | ) | No. 04 C 7361 |
| v. | ) | Suzanne B. Conlon, Judge |
| DENNY'S INC., | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Andre Taylor injured his arm while leaving a Denny's restaurant. Taylor sues Denny's, Inc. for negligently failing to maintain a safe door with shatter-proof glass window panes. Denny's removed the action from the Circuit Court of Cook County to this court based on diversity jurisdiction. Before the court are two motions *in limine* to bar evidence at trial.

### I. Standard of Review

Evidence is excluded on a motion *in limine* only if the evidence is clearly inadmissible for any purpose. *See Hawthorne Partners v. AT&T Technologies*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Motions *in limine* are disfavored; admissibility questions should be ruled upon as they arise at trial. *Id.* Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy and prejudice to be resolved in context. *Id.* at 1401. Denial of a motion *in limine* does not indicate evidence contemplated by the motion will be admitted at trial. Instead, denial of the motion means the court cannot or should not determine whether the evidence in question should be excluded before trial. *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989).

1

## II. Taylor's Motion *In Limine*

Taylor moves to bar "any evidence, testimony or reference whatsoever to [his] alcohol consumption" the night of his injury. Mot. at 1. Taylor contends that because there is no evidence he was intoxicated, his consumption of alcoholic beverages is irrelevant and prejudicial. Denny's responds Taylor's drinking is relevant to its affirmative defense that Taylor used excessive force in opening the door and failed to use the door handle or door frame. Because Taylor has denied those affirmative defenses, Denny's contends evidence regarding alcohol consumption is appropriate to impeach his ability to accurately recall the evening's events.

The motion *in limine* must be denied. Evidence of alcohol consumption is potentially relevant to: (1) the credibility of Taylor's recollection of the events surrounding his accident; and (2) Denny's contributory negligence defense. Taylor argues all reference to alcohol consumption should be excluded because there is no evidence that he was intoxicated. However, Taylor admits he consumed beer and cognac at a party before visiting Denny's. Witnesses will testify that he engaged in "rowdy" horseplay with his colleagues while in the restaurant, that a comment was made that someone was "drunk," and that Taylor stated he wanted to go outside to fight. While none of this evidence constitutes medical evidence that Taylor was intoxicated, "evidence of intoxication is not limited to these medical measurements . . . [o]ther indicators are well within the experience of the average adult." *Acevedo v. Canterbury*, No. 03 C 0073, 2004 U.S. Dist. LEXIS 9351, *4 (N.D. Ill., May 24, 2004) (citations omitted). The jury could conclude reasonably from the proffered evidence that Taylor was intoxicated. A finding of intoxication is probative regarding Taylor's credibility in recalling the events of the evening and Denny's contributory negligence defense. The evidence of alcohol consumption is not clearly inadmissible.

## III. Denny's Motion *in Limine*

Denny's moves to bar Taylor from eliciting expert testimony from Dr. Salvatore Fanto. Denny's asserts Taylor did not produce a Fed. R. Civ. P. 26(a)(2) disclosure identifying Dr. Fanto as an expert. Accordingly, Denny's moves to bar Dr. Fanto's testimony regarding the causation of Taylor's injuries, permanency of the injuries and future prognosis. Taylor contends Dr. Fanto is a treating surgeon whose identity and opinions were disclosed in Taylor's Rule 26(a)(1) disclosures and answers to interrogatories.

Treating physicians must be designated as expert witnesses if they are to provide expert testimony. *See Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004). Expert testimony consists of opinions based on "scientific, technical, or other specialized knowledge." Fed. R. Evid. 702. "Thus, a treating doctor . . . is providing expert testimony if the testimony consists of opinions based on 'scientific, technical, or other specialized knowledge' regardless of whether those opinions were formed during the scope of interaction with a party prior to litigation." *Musser*, 356 F.3d at 757 n.1. However:

> We need not reach the disputed issue of whether an individual who serves in the capacity of 'treating physician' . . . may nonetheless be required to submit a report under Rule 26(a)(2)(B). It is clear that there is some expert testimony in the nature of the treating physician's testimony that does not require a report. But some district courts have suggested that if the Rule 26(a)(2)(A) testimony exceeds the scope of treatment and ventures into more general expert opinion testimony, a report may be necessary.

*Musser*, 356 F.3d at 758 n.3 (citations omitted).

Based on *Musser*, a treating physician should be disclosed as an expert witness under Rule 26(a)(2)(A) if his testimony consists of opinions based on scientific, technical, or other specialized knowledge. Taylor did not specifically disclose Dr. Fanto as an expert under Rule 26(a)(2)(A) on

3

the date provided by the court for expert disclosures. A Rule 26 violation may be excused if either justified or harmless. *See David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). The failure to specifically identify Dr. Fanto as an expert witness under Rule 26(a)(2)(A) was harmless. In his answers to interrogatories, Taylor identified Dr. Fanto as his treating physician and an "expert witness" who will testify:

> [C]onsistently with his medical records and reports. He will testify that he evaluated and treated the Plaintiff for lacerations of the right wrist with injury to the flexor carpi ulnaris tendon. He will testify that he performed surgery on the Plaintiff and removed a hematoma and repaired the flexor carpi ulnaris tendon. Dr. Fanto will testify that he prescribed therapy to rehabilitate the hand and wrist. He will testify as to the permanency of Plaintiff's injuries as well as his prognosis for the future.

*See* Taylor Resp. at Ex. B ¶ 20; *see also* ¶ 4. Denny's had sufficient opportunity to depose Dr. Fanto and there is no prejudice or surprise by permitting Dr. Fanto to testify as an expert.

However, some of the testimony Taylor seeks from Dr. Fanto is inadmissible for failure to provide a Rule 26(a)(2)(B) expert report. As *Musser* acknowledged, some expert testimony from a treating physician does not require an expert report. *See Musser*, 356 F.3d at 758 n.3. Courts have adopted differing views as to when a treating physician's testimony may go beyond personal observation, diagnosis and treatment and venture into issues of causation, permanency and prognosis without requiring an expert report. *See e.g., Sowell v. Burlington N. and Santa Fe Ry. Co.*, No. 03 C 3923, 2004 U.S. Dist. LEXIS 24738, *7-12 (N.D. Ill. Dec. 6, 2004) (summarizing cases). However, several courts have concluded that topics of causation, prognosis and permanency exceed personal observation and require disclosure of expert reports. *See e.g., O'Conner v. Commonwealth Edison Co.*, 13 F.3d 1090, 1105 n.14 (7th Cir. 1994) (treating physicians are not exempt from the requirements of Fed. R. Evid. 702 and 703 because "we do not distinguish the treating physician

from other experts when the treating physician is offering expert testimony regarding causation"); *see also Sowell*, 2004 U.S. Dist. LEXIS 24738 at *12 ("the requirement of a report for opinions on causation, permanency and prognosis is the better approach"); *Zarecki v. Nat'l R.R. Passenger Corp.*, 914 F. Supp. 1566, 1573 (N.D. Ill. 1996) (treating physician's opinions regarding causation and foreseeability stricken when physician was not disclosed under Rule 26(a)(2) and did not produce a report).

The court ordered Taylor to comply with Rule 26(a)(2) by a specific deadline and he failed to do so. *See* Dkt. No. 2-1. The failure to produce an expert report is not harmless. Denny's might have taken countermeasures to disqualify Dr. Fanto's expert testimony or to retain rebuttal experts based on the report's contents. Discovery closed on April 1, 2005 and trial is set on July 25, 2005. The court will not re-open discovery due to Taylor's failure to comply with the Federal Rules and the court's scheduling order. Accordingly, the motion *in limine* is granted in part. Dr. Fanto's testimony is not inadmissible for all purposes. He may testify about his treatment and diagnosis of Taylor's injury. Dr. Fanto may not offer general opinions about the types of injuries sustained, or opinions regarding causation, permanency, or prognosis because his opinions on these topics were not disclosed in an expert report as required by Rule 26(a)(2)(B).

## CONCLUSION

For the foregoing reasons, Taylor's motion *in limine* is denied. Denny's motion *in limine* is granted in part. Dr. Fanto may not offer general opinions about the types of injuries sustained, or

opinions regarding causation, permanency, or prognosis because his opinions on these topics were not disclosed in an expert report as required by Rule 26(a)(2)(B).

May 24, 2005

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge